UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ASHLEY HOLTREY                                  CIVIL ACTION

VERSUS                                          NO: 24-2525

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.                         SECTION "H"


<u>ORDER AND REASONS</u>

Before the Court is Plaintiff Ashley Holtrey's Motion to Remand (Doc. 4). For the following reasons, the Motion is **GRANTED**, and this matter is **REMANDED** to state court.


<u>BACKGROUND</u>

Plaintiff Ashley Holtrey alleges that she was injured in a car accident with an uninsured driver on May 2, 2024. She brought this action against Defendant State Farm Automobile Insurance Company, her uninsured motorist carrier, in the Civil District Court for the Parish of Orleans on July 25, 2024. Defendant State Farm removed the action to this Court on October 22, 2024. Plaintiff thereafter moved to remand the case, arguing that removal was untimely.

In light of her timeliness argument, a timeline of the events leading up to removal is warranted. On July 25, 2024, counsel for Plaintiff sent a "demand package" to Defendant, which included Plaintiff's medical records, a demand

1

for policy limits of $100,000, and a copy of the Petition that he intended to file "in the coming days."[1] Plaintiff filed the lawsuit on the same day, but due to a technical error, Defendant never received the email. On August 5, 2024, Plaintiff forwarded the July 25 email to Defendant and it was received. Plaintiff did not inform Defendant that suit had already been filed. On August 15, 2024, Defendant was formally served with the lawsuit. On August 19, 2024, Plaintiff's counsel emailed Defendant asking for a response to his previous policy limit demand and attaching additional medical records. On October 18, 2024, Plaintiff sent a second demand, this time for $219,942, which included statutory penalties for failure to timely tender payment. On October 22, 2024, Defendant removed Plaintiff's claims based on the October 18 demand. Defendant argues that it was not clear and certain that the amount in controversy exceeded $75,000 until it received the October 18 demand. Plaintiff argues that it was clear and certain that the amount in controversy exceeded $75,000 on either August 5, 15, or 19, 2024. This Court will consider each argument in turn.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists,

---

[1] Doc. 4-5.

[2] 28 U.S.C. § 1441.

[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

courts consider "the claims in the state court petition as they existed at the time of removal."[4]

## LAW AND ANALYSIS

Defendant removed this matter to this Court based on diversity jurisdiction. Plaintiff does not contest that jurisdiction is present; rather, she has moved to remand this action to state court, arguing that removal was untimely. "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant."[5] "[I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within 30 days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain the case is removable."[6] The untimeliness of a removal petition is ground for remand that is authorized under Section 1447(c).[7] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[8]

Plaintiff argues that Defendant was aware that the value of her claim exceeded the jurisdictional amount on either August 5, August 14, or August 19, 2024, and therefore, its October 22, 2024 removal was untimely. Defendant

---

[4] *Manguno*, 276 F.3d at 723.

[5] Decatur Hospital Authority v. Aetna Health, Inc., 854 F.3d 292, 297 (5th Cir. 2017) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992)).

[6] *Id.*

[7] BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012) (citations omitted).

[8] *Manguno*, 276 F.3d at 723; Camellia Grill Holdings, Inc. v. Grill Holdings, LLC, 15-3795, 2015 WL 5775003, at *1 (E.D. La. Sept. 30, 2015).

argues that it was not aware that the amount in controversy exceeded $75,000 until it received Plaintiff's October 18 settlement demand. The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be unequivocally clear and certain to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."[9] Accordingly, this Court must consider when it was unequivocally clear and certain that Plaintiff's claim exceeded the jurisdictional amount.

### A. August 5, 2024

First, Plaintiff argues that Defendant should have known on August 5, 2024, that the amount in controversy exceeded $75,000 when it received the July 25 email making a $100,000 policy limits demand. Defendant correctly points out, however, that it could not have been put on notice of the amount in controversy of Plaintiff's claim on this date because it had not yet been served. The Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."[10] In addition, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."[11] The Fifth Circuit has explained that "[b]y its plain terms the

---

[9] Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002).

[10] Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999).

[11] *Id.*

4

statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading."[12] Accordingly, the thirty-day time period for removal could not have begun before formal service on August 15, 2024.

**B. August 15, 2024**

Next, Plaintiff argues that the amount in controversy was facially apparent from the Petition and therefore could have been removed when Defendant was served on August 15, 2024. The petition does not state an amount in controversy but alleges that Plaintiff sustained severe injuries to her neck, shoulders, hip, and other body parts causing pain and disability; that Defendant failed to tender policy limits; and that Plaintiff seeks several categories of damages including medical expenses, pain and suffering, lost wages, and statutory penalties.

Courts have routinely held that "such conclusory allegations, without more, do not establish the threshold amount in controversy."[13] "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, the court must conclude that it is not 'facially apparent' that the amount of damages would exceed $75,000."[14] In addition, conclusory references to "policy limits" or "to state law regarding penalties and attorney's fees" are insufficient to make the amount

---

[12] Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992).
[13] Maurice v. Winn Dixie Montgomery, LLC, No. CV 24-2225, 2024 WL 4764449, at *3 (E.D. La. Nov. 13, 2024).
[14] *Id.*

5

in controversy facially apparent.[15] Accordingly, the amount in controversy was not facially apparent from the face of the Petition.

### C. August 19, 2024

Finally, Plaintiff argues that the amount in controversy was clear and certain after the August 19 email from her counsel to Defendant requesting a response to the July 25 policy limits demand. While the August 19 email only stated that Plaintiff's counsel had "previously made a limits demand" and requested a response, the July 25 email expressly demanded the policy limits of $100,000. Defendant argues that the vague reference to policy limits in the August 19 email is not "unequivocally clear and certain" as required by the Fifth Circuit. In so arguing, it cites to case law that it contends stands for the proposition that a policy limits demand that does not include a specific dollar amount is not sufficient for removal. This Court finds these cases easily distinguishable.

In *Pena-Nevarro v. Nguyen*, the court considered a policy limit demand in the context of *determining* the amount in controversy.[16] The district court held that it was not clear from the policy limit demand made "that either Plaintiff or her counsel knew the limits of the policy at issue when making the 'policy-limits' demands, and the demands are not for a specific amount in excess of jurisdictional threshold."[17] The court held that it could not conclude that the policy limits demand was "an honest assessment of value when it is

---

[15] Braden v. Standard Fire Ins. Co., No. CIV.A.08-0043, 2009 WL 152129, at *2 (E.D. La. Jan. 21, 2009).

[16] Pena-Nevarro v. Nguyen, No. CV 22-143-BAJ-EWD, 2023 WL 5989535, at *6 (M.D. La. Aug. 28, 2023), report and recommendation adopted, No. CV 22-00143-BAJ-EWD, 2023 WL 5989530 (M.D. La. Sept. 14, 2023).

[17] *Id.*

not clear from the record that the policy limits are known."[18] Similarly, in *Taylor v. Old Republic Insurance Co.*, the district court considered a policy demand upon which the defendant relied to *establish* the amount in controversy.[19] The court held that the reliance was misplaced where the record revealed only $6,000 in medical bills and "[t]he Demand—and the record as a whole—contain[ed] little information about Plaintiff's prognosis and recommended future treatment."[20] The court also noted that the "[d]emand makes clear that Plaintiff's counsel did not know the actual amount of the policy at the time of the Demand."[21]

These cases do not stand for the proposition, as Defendant suggests, that a policy limits demand without a number is insufficient to start the time period for removal. Rather, these courts were looking at policy limits demands to determine *whether* the amount in controversy was present. There is no dispute here that the amount in controversy exceeds the jurisdictional amount. Further, the cases relied upon by Defendant expressly noted it did not appear that the counsel for the plaintiffs were aware of the policy limits when they

---

[18] *Id.*

[19] Taylor v. Old Republic Insurance Co., No. CV 21-369-BAJ-EWD, 2022 WL 264887, at *4 (M.D. La. Jan. 6, 2022), report and recommendation adopted, No. CV 21-00369-BAJ-EWD, 2022 WL 264540 (M.D. La. Jan. 27, 2022).

[20] *Id.*

[21] *Id.* at *6. Plaintiff also cites to *Hillery v. Ulivi*, No. CV 18-7516, 2018 WL 4103584, at *1 (E.D. La. Aug. 29, 2018), but there, the Court merely found that the time period for removal began to run when the defendant received medical records evidencing an additional $26,527.40 in bills. The time-period for removal could not have run from the policy demand because it was made pre-suit. *Id.*

made such demands. The same is not true here where Plaintiff's counsel's July 25 email expressly referenced the $100,000 policy limit.

Defendant has not provided any case law suggesting that a settlement demand of policy limits cannot constitute an "other paper" upon which the time period for removal can run. Indeed, courts "have routinely upheld removal by defendants based upon amounts contained in plaintiffs' post-complaint settlement demand letters."[22] Accordingly, this Court agrees with Plaintiff that this matter was removable on the basis of Plaintiff's counsel's August 19 policy limit demand, especially in light of its reference back to his $100,000 pre-suit demand. It was unequivocally clear and certain that the amount in controversy exceeded the jurisdictional amount on August 19, 2024. Accordingly, Defendant's October 22, 2024 removal was untimely.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and this matter is **REMANDED** to state court.

New Orleans, Louisiana this 11th day of March, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] Drouilhet v. Berkowitz, No. CV 24-367, 2024 WL 1231328, at *3 (E.D. La. Mar. 22, 2024).

8